IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**AMERICAN POSTAL WORKERS UNION, AFL-CIO,**
1300 L Street, N.W.
Washington, D.C. 20005,

        Plaintiff,

**v.**

**UNITED STATES POSTAL SERVICE,**
475 L'Enfant Plaza, S.W.
Washington, D.C. 20260,

        Defendant.

___ Civ. ___ (___)(___)

**COMPLAINT TO CONFIRM AND ENFORCE
LABOR ARBITRATION AWARD**

1.   This is an action to confirm and enforce a labor arbitration award, brought in accordance with the Postal Reorganization Act, 39 U.S.C. § 1208, by the American Postal Workers Union, AFL-CIO (the "APWU" or "Union") against the United States Postal Service (the "Postal Service" or "USPS"). The APWU seeks an order from this Court confirming and enforcing the final and binding arbitration award issued by Arbitrator T. Zane Reeves on August 15, 2022 (Case No. 1F 15V-1F-C 18022195) (the "Award" or "Reeves Award") —a true and correct copy of which is attached hereto as Exhibit A— remedying a dispute that has been ongoing for seventeen years. The Postal Service has not only refused to comply with the Award, but has not taken any action to vacate the award or otherwise invoke Arbitrator Reeves's retained jurisdiction. The Union has raised the Postal Service's noncompliance at the highest levels of management to no avail. The Postal Service continues to engage in noncompliance. The Union therefore seeks assistance from this Court as a last resort to enforce a final and binding labor arbitration award.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action in accordance with the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208(b), and 28 U.S.C. §§ 1331.

3. Venue is proper in this district in accordance with 39 U.S.C. § 1208 and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is the American Postal Workers Union, AFL-CIO, an unincorporated labor organization with its headquarters located at 1300 L Street, NW, Washington, DC 20005. The APWU is a party to a national collective bargaining agreement with the Postal Service and is recognized by the Postal Service as the exclusive bargaining representative of postal employees in the clerk, maintenance, and motor vehicle crafts nationwide—as well as postal employees in other departments of the Postal Service—in accordance with 39 U.S.C. § 1203.

5. Defendant is the United States Postal Service, which, in accordance with 39 U.S.C. § 201, is an independent establishment of the executive branch of the United States Government. The Postal Service has its headquarters located at 475 L'Enfant Plaza, SW, Washington, DC 20260.

## FACTUAL ALLEGATIONS

*The National Agreement*

6. The APWU and the Postal Service are parties to a collective bargaining agreement (the "National Agreement"), which sets forth the terms and conditions of employment for APWU bargaining unit employees at the Postal Service.

7. The National Agreement contains a grievance and arbitration provision to resolve disputes between the parties.

8. Article 15.5.A.6 of the National Agreement states in pertinent part: "All decisions of an arbitrator will be final and binding."

### The 2007 Arbitration Award

9. The dispute underlying the Reeves Award was first raised in 2006 when a truck driver working for a private Postal Service contractor failed to follow proper procedures for unloading mail at a postal facility, the Denver Bulk Mail Center (the "Denver BMC"), which caused an accident that the Union claimed risked the safety and health of APWU bargaining unit employees.

10. The Postal Service responded to this incident by banning the specific truck driver from postal facilities, but implemented no system for enforcing this ban.

11. On January 4, 2007, the APWU filed a safety and health grievance on behalf of tractor-trailer operators ("TTOs") represented by the Union. The Union alleged that the Postal Service had violated the National Agreement by failing to provide safe working conditions for TTOs and failing to correct unsafe working conditions at the Denver BMC yard.

12. The Union alleged that the Postal Service's practice of permitting private truck drivers to back their trucks into the loading dock, connect a power source to their trucks as they load or unload, and then pull out of the dock—a process known as "spotting"—was inherently unsafe when performed by the private truck drivers. The Union urged that TTOs are more experienced in spotting and, consequently, should be performing this work to maintain safety in the Denver BMC yard.

13. The grievance was denied by the Postal Service and the Union appealed it to arbitration.

14. Arbitrator Mary Gregory held a hearing in Denver, Colorado, on September 21, 2007.

15. Arbitrator Gregory issued her award on October 4, 2007 (Case No. E00V-1E-C 07052219). Arbitrator Gregory held that the Postal Service "'must implement a procedure for denying individual private operators known to be unsafe drivers or allow the TTOs to spot their trailers in the yard.'" Reeves Award Ex. A, at 6 (quoting Arbitrator Gregory's award).

16. Arbitrator Gregory "gave very specific orders on how the Service was supposed to enforce the order," explaining that "'[t]he only way to enforce the ban and comply with article 14 is for the Postal Service to implement screening or verification measures to ensure that, if Tom Kirkhoff, (or any other private operator known to be an unsafe driver), comes to Denver BMC yard with a load of mail, he is denied access, at least whatever access is required to identify him and send him on his way." Reeves Award Ex. A, at 6 (quoting Arbitrator Gregory's award).

17. Arbitrator Gregory retained jurisdiction of the dispute. Reeves Award Ex. A, at 6.

18. The Postal Service did not invoke Arbitrator Gregory's jurisdiction, nor did it move to vacate Arbitrator Gregory's award.

*The February 2017 Arbitration Award*

19. In 2008 and 2010, respectively, the APWU filed grievances alleging that the Postal Service had failed to comply with Arbitrator Gregory's award, both of which resulted in settlement agreements.

20. In 2016, the Union filed another noncompliance grievance.

21. Arbitrator Harry MacLean held a hearing in Denver, Colorado on November 8, 2016.

22. Arbitrator MacLean issued his award on February 19, 2017 (Case No. E10V-1E-C13216278).

23. Arbitrator MacLean sustained the non-compliance grievance. Reeves Award Ex. A, at 7.

24. Arbitrator MacLean's award required "'[t]he [Postal] Service to comply with the Gregory award and either (1) implement procedures which will allow the VOA [Vehicle Operation Assistant] to verify the identity of a private operator, or (2) allow TTOs to spot private operators in the yard.'" Reeves Award Ex. A, at 7 (quoting Arbitrator MacLean's award).

25. Arbitrator MacLean "'retain[ed] jurisdiction in this case to ensure the remedy is implemented as directed.'" Reeves Award Ex. A, at 7 (quoting Arbitrator MacLean's award).

26. The Postal Service did not invoke Arbitrator MacLean's retained jurisdiction or move to vacate the award.

*The August 2017 Arbitration Award*

27. Arbitrator McLean conducted a second arbitration on May 31, 2017, "on the same non-compliance issue because the union had argued that the Service failed to comply with the arbitrator's February [19], 2017 award." Reeves Award Ex. A, at 7 (describing Arbitrator MacLean's award).

28. Arbitrator MacLean issued his second award on August 14, 2017 (Case No. E10V-1E-C 13113099).

29. Arbitrator MacLean determined that "'the Service has not complied with the two arbitral directives to establish a procedure which would ensure that the identities of the private drivers were verified before being granted access to the facility.'" Reeves Award Ex. A, at 8 (quoting Arbitrator MacLean's award).

30. Arbitrator MacLean further stated: "'It should be clear by this point that in order to comply with the two previous awards the Service must establish a method of visual identification of the driver prior to the driver's entrance to the facility.'" Reeves Award Ex. A, at 8 (quoting Arbitrator MacLean's award).

31. Arbitrator MacLean directed the Postal Service to "'install within the next 30 days *a camera security system at the BMC which will ensure visual identification of the private drivers prior to their admission to the facility.*'" Reeves Award Ex. A, at 8 (quoting Arbitrator MacLean's award (emphasis in Reeves Award)).

32. Arbitrator MacLean retained jurisdiction of the case "'to ensure compliance with this directive.'" Reeves Award Ex. A, at 8 (quoting Arbitrator MacLean's award).

33. The Postal Service did not invoke Arbitrator MacLean's retained jurisdiction or move to vacate Arbitrator MacLean's award.

34. "On August 22, 2017, APWU NBA [National Business Agent] Jerome Pittman contacted USPS Representative Kenneth Glassburner to offer union assistance in selecting a verification system at BMC" and "noted that Arbitrator MacLean had retained jurisdiction and ordered the new system to be installed by September 13, 2017." Reeves Award Ex. A, at 8–9.

35. "There is no evidence that the USPS accepted the union's offer to assist in the installation design and implementation process." Reeves Award Ex. A, at 9.

*The Reeves Award*

36. The APWU filed a grievance on November 14, 2017, alleging that the Postal Service had failed to comply with the earlier awards. The Postal Service denied the grievance, and the APWU appealed its grievance to arbitration.

37. Arbitrator T. Zane Reeves held a hearing in Denver, Colorado on July 6, 2022. At the hearing, the parties presented witnesses and evidence.

38. "Both parties stipulated at the hearing as to the Arbitrator's jurisdiction and authority to render a full and binding decision in this matter." Reeves Award Ex. A, at 4.

39. Arbitrator Reeves issued his opinion and award on August 15, 2022 (Case No. 1F 15V-1F-C 18022195). *See* Reeves Award Ex. A.

40. Arbitrator Reeves framed the issue for arbitration as: "Whether [the Postal Service] violated the National Agreement by not complying with the arbitration awards by Arbitrator Mary Gregory and Harry MacLean? If so, what shall be the appropriate remedy?" Reeves Award Ex. A, at 2.

41. Arbitrator Reeves found: "Arbitrator Gregory's award and decisions by Arbitrator MacLean have consistently posed either of two options for the Postal Service to pursue in order to ensure safety of the BMC yards by preventing access to the Denver BMC yards by unsafe private operators. The first possibility provided by these arbitrators is to install a security system utilizing the cameras to monitor all drivers who attempt to enter the yard. As of this arbitration proceeding, the Service has demonstrated that it cannot or will not comply with this option." Reeves Award Ex. A, at 11.

42. Arbitrator Reeves went on to note that "[a]ccording to the clear and unambiguous language of Article 15.5.A.6 of the National Agreement, the 'decisions of an arbitrator will be final and binding.' As USPS representatives John Potter (1998) and Patrick Donahoe (2002) emphasized, 'Compliance is not an option, but a requirement.' Donohoe specifically stated, 'No manager or supervisor has the authority to ignore or override an arbitrator's award or a signed grievance settlement.'" Reeves Award Ex. A, at 13.

43. Arbitrator Reeves found that "[t]he Union met its burden of proof to demonstrate that the Postal Service failed to comply with the clear and unambiguous intent and language in three final and binding arbitration awards, thereby forcing the Union to file the instant noncompliance grievance." Reeves Award Ex. A, at 13.

44. Arbitrator Reeves awarded "the Union's requested remedy that 'TTO's be allowed to spot contractors and private operators' trailers in the yard' is so ordered to be implemented within thirty (30) days." Reeves Award Ex. A, at 13.

45. Arbitrator Reeves retained jurisdiction "until the US Postal Service fully complies with this order." Reeves Award Ex. A, at 13.

46. The Postal Service did not invoke Arbitrator Reeves's retained jurisdiction or move to vacate the Award.

47. On the 29th day following the Reeves Award, the APWU inquired into the Postal Service's compliance with the Award.

48. That night, the Postal Service ordered all private truck drivers to drop their trailers at the gate of the Denver BMC where TTOs would do the spotting and take the trailers to the docks.

49. After one day, the Postal Service announced it would no longer permit TTOs to do the spotting as ordered by Arbitrator Reeves.

50. The APWU has raised the Postal Service's noncompliance with management officials at postal headquarters. To date, however, the Postal Service is still not in compliance with the Reeves Award.

## CAUSE OF ACTION—ENFORCING THE ARBITRATION AWARD

51. Article 15.5.A.6 of the National Agreement states: "All decisions of an arbitrator will be final and binding."

52. The Reeves Award is a final and binding arbitration award in accordance with the parties' National Agreement.

53. The Reeves Award ordered the Postal Service to "allow TTOs to spot private operators in the [Denver BMC] yard." Reeves Award Ex. A, at 1.

54. The Postal Service is aware of and understands its obligations under the Reeves Award.

55. The Postal Service has failed and refused to comply with the Reeves Award.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff APWU requests that this Court grant it the following relief:

56. Confirm the Reeves Award by entering judgment in the APWU's favor and against Defendant Postal Service;

57. Enforce the Reeves Award and direct Defendant and its agents and representatives to comply with the Reeves Award by allowing TTOs to spot contractors' and private operators' trailers in the Denver BMC yard;

58. Grant the APWU attorneys' fees and costs in this matter; and

59. Grant the APWU any such other relief that this Court deems just and proper.

Dated: February 6, 2024

Respectfully submitted,

MURPHY ANDERSON PLLC

/s/ Melinda K. Holmes
Melinda K. Holmes (DC Bar No. 458043)
Nicole Rubin (DC Bar No. 90015654)

1401 K St. NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
mholmes@murphypllc.com
nrubin@murphypllc.com